**RECEIVED & FILED**

NOV 29 2010

OFFICE OF THE BANKRUPTCY CLERK
ALBANY, NY

B27 (Official Form 27) (12/09)

United States Bankruptcy Court

_Northern_ District Of _New York_

In re _Lee S. Catlin Jr._
          Debtor

Case No. _10-13906_
Chapter _7_

## REAFFIRMATION AGREEMENT COVER SHEET

This form must be completed in its entirety and filed, with the reaffirmation agreement attached, within the time set under Rule 4008. It may be filed by any party to the reaffirmation agreement.

1. Creditor's Name: _Cap Com F.C.U._

2. Amount of the debt subject to this reaffirmation agreement:
   $ ~~W~~ _3,293.30_ on the date of bankruptcy    $ ~~W~~ _3,293.30_ to be paid under reaffirmation agreement

3. Annual percentage rate of interest: _7.00_ % prior to bankruptcy
   _7.00_ % under reaffirmation agreement ( _✓_ Fixed Rate ____ Adjustable Rate)

4. Repayment terms (if fixed rate): $ _153.27_ per month for _23_ months

5. Collateral, if any, securing the debt: Current market value: $ _4,050_
   Description: _2007 Polaris Sportsman X2_

6. Does the creditor assert that the debt is nondischargeable? ____ Yes _✗_ No
(If yes, attach a declaration setting forth the nature of the debt and basis for the contention that the debt is nondischargeable.)

| Debtor's Schedule I and J Entries | Debtor's Income and Expenses as Stated on Reaffirmation Agreement |
|---|---|
| 7A. Total monthly income from  $ _4640_ Schedule I, line 16 | 7B. Monthly income from all sources after payroll deductions  $ ~~4?~~ _4640_ |
| 8A. Total monthly expenses from Schedule J, line 18  $ _4628_ | 8B. Monthly expenses  $ _4628_ |
| 9A. Total monthly payments on reaffirmed debts not listed on Schedule J  $ _0_ | 9B. Total monthly payments on reaffirmed debts not included in monthly expenses  $ _0_ |
| | 10B. Net monthly income  $ _12_ (Subtract sum of lines 8B and 9B from line 7B. If total is less than zero, put the number in brackets.) |

B27 (Official Form 27) (12/09)                                                                                     Page 2

11.   Explain with specificity any difference between the income amounts (7A and 7B):
      _____
      _____

12.   Explain with specificity any difference between the expense amounts (8A and 8B):
      _____
      _____

      If line 11 or 12 is completed, the undersigned debtor, and joint debtor if applicable, certifies that any explanation contained on those lines is true and correct.

      _____              _____
      Signature of Debtor (only required if         Signature of Joint Debtor (if applicable, and only
      line 11 or 12 is completed)                   required if line 11 or 12 is completed)

### Other Information

☐   Check this box if the total on line 10B is less than zero. If that number is less than zero, a presumption of undue hardship arises (unless the creditor is a credit union) and you must explain with specificity the sources of funds available to the Debtor to make the monthly payments on the reaffirmed debt: _____
      _____

Was debtor represented by counsel during the course of negotiating this reaffirmation agreement?
      ✓ Yes            ___ No

If debtor was represented by counsel during the course of negotiating this reaffirmation agreement, has counsel executed a certification (affidavit or declaration) in support of the reaffirmation agreement?
      ✓ Yes            ___ No

### FILER'S CERTIFICATION

      I hereby certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this Reaffirmation Agreement Cover Sheet.

                                    _____
                                    Signature

                                    Judy Hashian Credit Risk Assoc for
                                    Print/Type Name & Signer's Relation to Case  Cap Com FCU

B 240 - Reaffirmation Agreement
(10/05)

> *According to the information furnished by the Attorney in Part C or the Debtor in Part D (please check the appropriate box below):*
> ☐ The presumption of undue hardship under § 524(m) arises.
> ☐ The presumption of undue hardship under § 524(m) does not arise.

## United States Bankruptcy Court
**Northern**  District of **New York**

In re **Lee S. Catlin Jr.**                ,
                  Debtor

Case No. **10-13906**
Chapter **7**

## REAFFIRMATION AGREEMENT

*[Indicate all documents included in this filing by checking each applicable box.]*

☒ Part A: Disclosures, Instructions, and Notice to Debtor (Pages 1 - 5)
☒ Part B: Reaffirmation Agreement
☒ Part C: Certification by Debtor's Attorney

☒ Part D: Debtor's Statement in Support of Reaffirmation Agreement
☐ Part E: Motion for Court Approval
☐ Proposed Order Approving Reaffirmation Agreement

☒ *[Check this box if]* Creditor is a Credit Union as defined in §19(b)(1)(a)(iv) of the Federal Reserve Act

### PART A: DISCLOSURE STATEMENT, INSTRUCTIONS AND NOTICE TO DEBTOR

1. **DISCLOSURE STATEMENT**

*Before Agreeing to Reaffirm a Debt, Review These Important Disclosures:*

#### SUMMARY OF REAFFIRMATION AGREEMENT
This Summary is made pursuant to the requirements of the Bankruptcy Code.

#### AMOUNT REAFFIRMED

a. The amount of debt you have agreed to reaffirm:  **$3,293.30**

b. All fees and costs accrued as of the date of this disclosure statement, related to the amount of debt shown in a., above:  $_____

c. The total amount you have agreed to reaffirm (Debt and fees and costs) (Add lines a. and b.):  **$3,293.30**

*Your credit agreement may obligate you to pay additional amounts which may come due after the date of this disclosure. Consult your credit agreement.*

P. 2

## ANNUAL PERCENTAGE RATE

*[The annual percentage rate can be disclosed in different ways, depending on the type of debt.]*

a. If the debt is an extension of "credit" under an "open end credit plan," as those terms are defined in § 103 of the Truth in Lending Act, such as a credit card, the creditor may disclose the annual percentage rate shown in (i) below or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

(i) The Annual Percentage Rate disclosed, or that would have been disclosed, to the debtor in the most recent periodic statement prior to entering into the reaffirmation agreement described in Part B below or, if no such periodic statement was given to the debtor during the prior six months, the annual percentage rate as it would have been so disclosed at the time of the disclosure statement: **7.00%**.

— And/Or --

(ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: **n/a**. If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:

$ **n/a**         @ **n/a**         ;
$ **n/a**         @ **n/a**         ;
$ **n/a**         @ **n/a**         .

b. If the debt is an extension of credit other than under than an open end credit plan, the creditor may disclose the annual percentage rate shown in (i) below, or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

(i) The Annual Percentage Rate under §128(a)(4) of the Truth in Lending Act, as disclosed to the debtor in the most recent disclosure statement given to the debtor prior to entering into the reaffirmation agreement with respect to the debt or, if no such disclosure statement was given to the debtor, the annual percentage rate as it would have been so disclosed: **n/a**.

— And/Or --

(ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: **n/a**. If different simple interest rates apply to different balances included in the amount reaffirmed,

P. 3

the amount of each balance and the rate applicable to it are:
$ **n/a**            @ **n/a**            ;
$ **n/a**            @ **n/a**            ;
$ **n/a**            @ **n/a**            .

c. If the underlying debt transaction was disclosed as a variable rate transaction on the most recent disclosure given under the Truth in Lending Act:

The interest rate on your loan may be a variable interest rate which changes from time to time, so that the annual percentage rate disclosed here may be higher or lower.

d. If the reaffirmed debt is secured by a security interest or lien, which has not been waived or determined to be void by a final order of the court, the following items or types of items of the debtor's goods or property remain subject to such security interest or lien in connection with the debt or debts being reaffirmed in the reaffirmation agreement described in Part B.

<u>Item or Type of Item</u>               <u>Original Purchase Price or Original Amount of Loan</u>
**2007 Polaris**                          $ **8,599.00**
**Sportsman X2**

*Optional---At the election of the creditor, a repayment schedule using one or a combination of the following may be provided:*

**<u>Repayment Schedule:</u>**

Your first payment in the amount of $**153.97**            is due on **11/15/2010**      (date), but the future payment amount may be different. Consult your reaffirmation agreement or credit agreement, as applicable.

*---Or--*

Your payment schedule will be: **23**      (number) payments in the amount of $**153.97**            each, payable (monthly, annually, weekly, etc.) on the **15**      (day) of each **month**         ( week, month, etc.), unless altered later by mutual agreement in writing.

*---Or--*

A reasonably specific description of the debtor's repayment obligations to the extent known by the creditor or creditor's representative.

P. 4

## 2. INSTRUCTIONS AND NOTICE TO DEBTOR

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5. The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6. <u>If the creditor is not a Credit Union</u> and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D. <u>If the creditor is a Credit Union</u> and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court.

7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you and the creditor of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

P. 5

# YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT

You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).

**Frequently Asked Questions:**

What are your obligations if you reaffirm the debt? A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

Are you required to enter into a reaffirmation agreement by any law? No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

What if your creditor has a security interest or lien? Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the security property if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the security property, as agreed by the parties or determined by the court.

NOTE: When this disclosure refers to what a creditor "may" do, it does not use the word "may" to give the creditor specific permission. The word "may" is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

P. 6

## PART B: REAFFIRMATION AGREEMENT.

I (we) agree to reaffirm the debts arising under the credit agreement described below.

1. Brief description of credit agreement:
   **Loanliner Agreements dated 8/22/07**

2. Description of any changes to the credit agreement made as part of this reaffirmation agreement:

SIGNATURE(S):

Borrower:

_Lee S Catlin Jr_
(Print Name)
_[signature]_
(Signature)
Date: _11-15-10_

Co-borrower, if also reaffirming these debts:

_April L. Catlin_
(Print Name)
_[signature]_
(Signature)
Date: _11-15-10_

Accepted by creditor:

**Judy Atashian**
(Print Name)
_[signature]_
(Signature)
**Credit Risk Associate**
(Title)
Date of creditor acceptance: _11-26-10_

P. 7

## PART C: CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY).

*[Check each applicable box.]*

[X] I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

[ ] *[If applicable and the creditor is not a Credit Union.]* A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

Printed Name of Debtor's Attorney: _____

Signature of Debtor's Attorney: _____

Date: 11/19/10

P. 8

## PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

1. I believe this reaffirmation agreement will not impose an undue hardship on my dependents or me. I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $_____, and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $_____, leaving $_____ to make the required payments on this reaffirmed debt. I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the court. However, this presumption may be overcome if I explain to the satisfaction of the court how I can afford to make the payments here: _____.

2. *Either:* I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

— *Or* —

*[If the creditor is a Credit Union and the debtor is represented by an attorney]* I believe this reaffirmation agreement is in my financial interest. I can afford to make the payments on the reaffirmed debt. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed: _____
(Debtor)

_____
(Joint Debtor, if any)

Date: __11-19-10__

P. 9

## PART E: MOTION FOR COURT APPROVAL
*(To be completed only if the debtor is not represented by an attorney.)*

### MOTION FOR COURT APPROVAL OF REAFFIRMATION AGREEMENT

I (we), the debtor(s), affirm the following to be true and correct:

I am not represented by an attorney in connection with this reaffirmation agreement.

I believe this reaffirmation agreement is in my best interest based on the income and expenses I have disclosed in my Statement in Support of this reaffirmation agreement, and because (provide any additional relevant reasons the court should consider):

_____
_____
_____

Therefore, I ask the court for an order approving this reaffirmation agreement.

Signed:_____
        (Debtor)

       _____
        (Joint Debtor, if any)

Date: _____

# United States Bankruptcy Court
**Northern** District of **New York**

In re **Lee S. Catlin Jr**_____,  
          Debtor

Case No. **10-13906**_____  
Chapter **7**_____

## ORDER APPROVING REAFFIRMATION AGREEMENT

The debtor(s) **Lee S. Catlin Jr**_____ have filed a motion for approval of the
        (Name(s) of debtor(s))

reaffirmation agreement dated _____ made between the debtor(s) and
        (Date of agreement)
**Capital Communications Federal Credit Union**. The court held the hearing required by 11 U.S.C. § 524(d)

on notice to the debtor(s) and the creditor on _____.
                                       (Date)

COURT ORDER: The court grants the debtor's motion and approves the reaffirmation agreement described above.

BY THE COURT

Date: _____

_____
*United States Bankruptcy Judge*

**CAPITAL COMMUNICATIONS
FEDERAL CREDIT UNION**
18 Computer Drive East
Albany, NY 12205

Application on file from 08/20/07
Credit Report on file from 08/20/07
Debt Ratio on file from 08/20/07
Today's date                08/22/07
Loanep ID: 01



**LOANLINER.**

## Open-End Disbursement Receipt *Plus*

### BORROWER INFORMATION

| BORROWER 1 NAME | ACCOUNT NUMBER | DATE |
|---|---|---|
| LEE S CATLIN | 603713 - 01 | 08/22/07 |

BORROWER 2 NAME

*ECOA 5*

### SECURITY OFFERED  □ CONSUMERS' CLAIMS AND DEFENSES – IF CHECKED, SEE NOTICE BELOW

THE ADVANCE IS SECURED BY YOUR SHARES, ALL PROPERTY SECURING OTHER PLAN ADVANCES AND LOANS RECEIVED IN THE PAST OR IN THE FUTURE, AND THE FOLLOWING PROPERTY:

| PROPERTY/MODEL | YEAR | I.D. NUMBER | VALUE | KEY NUMBER |
|---|---|---|---|---|
| POLARIS SPORTSMAN X2 | 2007 | 4XATH50A67A210358 | $ 8599.00 | |
| | | | x 90% = 7739.10 | |

| PLEDGE OF SHARES AND/OR DEPOSITS $ | ACCOUNT NUMBER | PLEDGE OF SHARES AND/OR DEPOSITS $ | ACCOUNT NUMBER |
|---|---|---|---|

### REPAYMENT TERMS

| DAILY PERIODIC RATE | ANNUAL PERCENTAGE RATE | INTEREST RATE IS: | OTHER FEES (Amount and Description) | AMOUNT ADVANCED | NEW BALANCE THIS SUBACCOUNT |
|---|---|---|---|---|---|
| 0.019178 | 7.000 % | [X] FIXED  □ VARIABLE  $ | | $ 7,739.10 | $ 7,739.10 |

| CURRENT PAYMENT | DATE DUE | PAYMENT AFTER ADVANCE | DATE DUE | PAYMENT FREQUENCY | LINE OF CREDIT LIMIT | REMAINING LIMIT |
|---|---|---|---|---|---|---|
| $ 0.00 | | $ 153.97 | 10/15/07 | MONTHLY | $ 0.00 | $ |

By endorsing the proceeds check for the advance described above, or by having the loan proceeds deposited into your share/share draft account or paid to a third party, you agree: (1) that the property described in the Security Offered section above ("Property") is security under the terms of the LOANLINER Credit and Security Agreement (the "Plan") for all amounts you owe under the Plan and that the property description is incorporated into and a part of the Plan; (2) that the Property is also security for any other loans, including but not limited to, any credit card loan that you have with the credit union now or in the future; and (3) to make payments as disclosed above and in accordance with the terms of the Plan.

### CONSUMERS' CLAIMS AND DEFENSES NOTICE

*The following paragraph applies to the Advance only if the box is checked.*

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

### FOR CREDIT UNION USE ONLY

| TRANSACTION: | [X] FIRST ADVANCE | MEMBER PAYS PREMIUM FOR: | □ SINGLE CREDIT DISABILITY | □ SINGLE CREDIT LIFE | CHECK NUMBER: 623891 |
|---|---|---|---|---|---|
| | □ SUBSEQUENT ADVANCE | | □ JOINT CREDIT DISABILITY | □ JOINT CREDIT LIFE | DEPOSIT ACCOUNT NO.: |
| REPAYMENT THROUGH: | □ PAYROLL DEDUCTION | FREQ/TRANS | [X] AUTOMATIC PAYMENT  $ TS15 | | LT/PC  62-066  BRANCH NUMBER: 410 135 |
| | □ CASH/BOOK | | □ CASH/NO BOOK | | PROCESSED BY: 67 |

*※ mbr of Edelmann sales*

© CUNA MUTUAL GROUP, 1998, 99, 2001, ALL RIGHTS RESERVED       Credit Union Copy       KHYV50 (LASER)

**CAPITAL COMMUNICATIONS FEDERAL CREDIT UNION**
18 Computer Drive East
Albany, NY 12205

**LOANLINER**

## Open-End Application and Plan Signatures PLUS

**HOW TO APPLY:**
- Complete all sections
- Sign on signature line
- Return completed form to credit union
- An incomplete or unsigned form may delay processing

Individual Plan

Married applicants may apply for a separate account.
**Individual Credit:** You must complete the Applicant section about yourself and the Other section about your spouse if:
1. you live in or the property pledged as collateral is located in a community property state (AK, AZ, CA, ID, LA, NM, NV, TX, WA, WI);
2. your spouse will use the account, or
3. you are relying on your spouse's income as a basis for repayment. If you are relying on income from alimony, child support, or separate maintenance, complete the Other section to the extent possible about the person on whose payments you are relying.
**Joint Credit:** If you are applying with another person, complete the Applicant and Other sections.

**LOANLINER Account/Loan:** 603713
(Including ATM/Debit Card Access to the Account if Available)
**Amount Requested $** 7,739.10
**Purpose/Collateral:** Recreational Vehicles, Farm Equipment
**Repayment:** Scheduled Auto Xfr

### APPLICANT

| | | |
|---|---|---|
| **NAME** Lee S Catlin | | |
| **MOTHER'S MAIDEN NAME** | **ACCOUNT NUMBER** 603713 | |
| **SOCIAL SECURITY NUMBER** 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 | **DRIVER'S LICENSE NUMBER/STATE** | |
| **BIRTH DATE** 01/19/75 | **HOME PHONE** 518-283-8393 | **BUSINESS PHONE/EXT.** 518-766-5726 |
| **EMAIL ADDRESS** | | |
| **PRESENT ADDRESS** 1 Flint Drive Postenskill, NY 12140 | **Own** **LENGTH AT RESIDENCE** 060 months | |
| **MORTGAGE/RENT OWED TO:** | | |
| **MORTGAGE BALANCE** $ | **MONTHLY PAYMENT** $ | **INTEREST RATE** % |

COMPLETE FOR JOINT CREDIT, SECURED CREDIT OR IF YOU LIVE IN A COMMUNITY PROPERTY STATE:    MARITAL STATUS:

**EMPLOYMENT/INCOME** $ 2,500.00 PER month
**NAME AND ADDRESS OF EMPLOYER** Hankle Lumber
**START DATE** 08/01/05

NOTICE: ALIMONY, CHILD SUPPORT, OR SEPARATE MAINTENANCE INCOME NEED NOT BE REVEALED IF YOU DO NOT CHOOSE TO HAVE IT CONSIDERED.

| OTHER INCOME | | | |
|---|---|---|---|
| $ | PER month | SOURCE | PRIMARY OTHER INCOME |
| $ | PER | SOURCE | |
| $ | PER | SOURCE | |
| $ | PER | SOURCE | |

**REFERENCE**    **RELATIONSHIP**
NAME AND ADDRESS OF NEAREST RELATIVE NOT LIVING WITH YOU
Joe Hankle
**HOME PHONE** 518-766-5726

### OTHER

| | | |
|---|---|---|
| **NAME** | | |
| **MOTHER'S MAIDEN NAME** | **ACCOUNT NUMBER** | |
| **SOCIAL SECURITY NUMBER** | **DRIVER'S LICENSE NUMBER/STATE** | |
| **BIRTH DATE** | **HOME PHONE** | **BUSINESS PHONE/EXT.** |
| **EMAIL ADDRESS** | | |
| **PRESENT ADDRESS** | | **LENGTH AT RESIDENCE** |
| **MORTGAGE/RENT OWED TO:** | | |
| **MORTGAGE BALANCE** $ | **MONTHLY PAYMENT** $ | **INTEREST RATE** % |

COMPLETE FOR JOINT CREDIT, SECURED CREDIT OR IF YOU LIVE IN A COMMUNITY PROPERTY STATE:    MARITAL STATUS:

**EMPLOYMENT/INCOME** $ PER
**NAME AND ADDRESS OF EMPLOYER**
**START DATE**

NOTICE: ALIMONY, CHILD SUPPORT, OR SEPARATE MAINTENANCE INCOME NEED NOT BE REVEALED IF YOU DO NOT CHOOSE TO HAVE IT CONSIDERED.

| OTHER INCOME | | | |
|---|---|---|---|
| $ | PER | SOURCE | |
| $ | PER | SOURCE | |
| $ | PER | SOURCE | |
| $ | PER | SOURCE | |

**REFERENCE**    **RELATIONSHIP**
NAME AND ADDRESS OF NEAREST RELATIVE NOT LIVING WITH YOU
**HOME PHONE**

© CUNA MUTUAL GROUP, 1980, 82, 84, 86, 89, 98, 2000, 01, ALL RIGHTS RESERVED    CREDIT UNION COPY    SIMPLIFIED AGREEMENT SYSTEM (S) BXX094 (LASER)

## STATE LAW NOTICES

**OHIO RESIDENTS ONLY:** The Ohio laws against discrimination require that all creditors make credit equally available to all creditworthy customers, and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio Civil Rights Commission administers compliance with this law.

**WISCONSIN RESIDENTS ONLY:** (1) No provision of any marital property agreement, unilateral statement under Section 766.59, or court decree under Section 766.70 will adversely affect the rights of the Credit Union unless the Credit Union is furnished a copy of the agreement, statement or decree, or has actual knowledge of its terms, before the credit is granted or the account or loan is opened. (2) Please sign if you are not applying for this account or loan with your spouse. The credit being applied for, if granted, will be incurred in the interest of the marriage or family of the undersigned.

X _____
SIGNATURE FOR WISCONSIN RESIDENTS ONLY        DATE

## SIGNATURES

1. You promise that everything you have stated in this application is correct to the best of your knowledge. If there are any important changes, you will notify us in writing immediately. You authorize the Credit Union to obtain credit reports in connection with this application for credit and for any update, increase, renewal, extension or collection of the credit received. You understand that the Credit Union will rely on the information in this application and your credit report to make its decision. If you request, the Credit Union will tell you the name and address of any credit bureau from which it received a credit report on you. It is a federal crime to willfully and deliberately provide incomplete or incorrect information on loan applications made to federal credit unions or state chartered credit unions insured by NCUA.

2. You have received and read the LOANLINER Credit and Security Agreement, including the Addendum ("Agreement"), and a Credit Insurance Certificate. By signing below you agree to be bound by the terms of the Agreement.

3. You grant us a security interest in all individual and joint share and/or deposit accounts you have with us now and in the future to secure what you owe under the LOANLINER Credit and Security Agreement. When you are in default, you authorize us to apply the balance in these accounts to any amounts due. Shares and deposits in an Individual Retirement Account, and any other account that would lose special tax treatment under state or federal law if given as security, are not subject to the security interest you have given in your shares and deposits.

X _____ (SEAL)  _____
APPLICANT'S SIGNATURE              DATE

X _____ (SEAL)  _____
OTHER SIGNATURE                    DATE

### FOR CREDIT UNION USE ONLY

| DATE | APPROVED / DENIED (Adverse Action Notice Sent) | APPROVED LIMITS: | SIGNATURE | LINE OF CREDIT | OTHER | OTHER | DEBT RATIO/SCORE BEFORE / AFTER |
|------|---|---|---|---|---|---|---|
|      |   | $ |   | $ | $ | $ |   |

LOAN OFFICER COMMENTS:

SIGNATURES:
X _____   X _____
                        DATE                              DATE

CREDIT UNION COPY                    SIMPLIFIED AGREEMENT SYSTEM (S)
                                     BXX094 (LASER)

**445567**  **2007 Nov 27 AM 11:43**

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER (optional)
ALMAS C MALL 518-458-2195 EXT 3012

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

CAPITAL COMMUNICATIONS FEDERAL CREDIT UNION
18 COMPUTER DR EAST
ALBANY, NY 12205, USA

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names
   1a. ORGANIZATION'S NAME
   OR
   1b. INDIVIDUAL'S LAST NAME: CATLIN    FIRST NAME: LEE    MIDDLE NAME: G    SUFFIX: JR
   1c. MAILING ADDRESS: 1 FLINT DR    CITY: POSTENSKILL    STATE: NY    POSTAL CODE: 12140    COUNTRY: USA
   1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any | ☐ NONE

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names
   2a. ORGANIZATION'S NAME
   OR
   2b. INDIVIDUAL'S LAST NAME    FIRST NAME    MIDDLE NAME    SUFFIX
   2c. MAILING ADDRESS    CITY    STATE    POSTAL CODE    COUNTRY
   2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | ☐ NONE

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)
   3a. ORGANIZATION'S NAME: CAPITAL COMMUNICATIONS FEDERAL CREDIT UNION
   OR
   3b. INDIVIDUAL'S LAST NAME    FIRST NAME    MIDDLE NAME    SUFFIX
   3c. MAILING ADDRESS: 18 COMPUTER DR EAST    CITY: ALBANY    STATE: NY    POSTAL CODE: 12205    COUNTRY: USA

4. This FINANCING STATEMENT covers the following collateral:
   2007,polaris,4xatn50a87s310350,atv

5. ALTERNATIVE DESIGNATION (if applicable): ☐ LESSEE/LESSOR ☐ CONSIGNEE/CONSIGNOR ☐ BAILEE/BAILOR ☐ SELLER/BUYER ☐ AG. LIEN ☐ NON-UCC FILING
6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable]   7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]   ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2
8. OPTIONAL FILER REFERENCE DATA   ACCT #009713-01

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

**Filing Number-200711278475832**